UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:18-CR-017 |
| | ) |
| CAMERON LOWRY | ) |

### **O R D E R**

This criminal case is before the Court on the defendant's *pro se* motion to receive "pre trial jail credits." [Doc. 1753]. Therein, the defendant contends that the Bureau of Prisons ("BOP") has incorrectly computed his sentence.

In January 2020, this Court sentenced the defendant to an 84-month term of imprisonment for his role in a methamphetamine conspiracy. [Doc. 1477]. The defendant is presently serving that sentence, with a projected release date of December 1, 2025. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 26, 2021). According to the defendant, this Court's judgment stated that he was to receive "all my pre trial jail credits but I have not." [Doc. 1753].

The defendant completely misstates the contents of his federal judgment. In material part, this Court's judgment in fact specifies that

> This sentence shall be served *concurrently* with any sentence that may be imposed in Docket Number 16-CR-255 in the Circuit Court for Whitley County, Kentucky because these charges are sufficiently related to the instant offense. The Court recommends that the Bureau of Prisons give the defendant prior custody credit for all time spent in custody in that case.

> Additionally, this sentence shall be served *consecutively* to all other pending charges listed in the Presentence Report because each case is insufficiently related to the instant offense: PSR paragraphs 65, 66, 72, 73, and 75 through 83.

[Doc. 1477] (emphases added). In other words, while the Court did order concurrent service (and recommend prior custody credit) regarding one Kentucky case, the Court also ordered consecutive service as to <u>thirteen</u> other cases pending in the State of Tennessee.

The defendant's motion ignores the plain terms of this Court's judgment, which provided for concurrent service as to only one of 14 state or commonwealth cases. This Court has no information regarding Kentucky's or Tennessee's ultimate structuring of those sentences, as those are purely state court and commonwealth court matters.

Federal sentencing courts "have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings." *Setser v. United States*, 566 U.S. 231, 236 (2012). A district court's decision that its sentence "should run concurrently with one state sentence and consecutively with another" is not unreasonable. *Id.* at 243-244.

This Court's judgment speaks for itself, and no further judicial action is warranted. The defendant's motion [doc. 1753] is accordingly **DENIED**. Should the defendant have further concern regarding his sentence computation, he should "raise his claim through the [BOP's] Administrative Remedy Program. *See* 28 CFR § 542.10 *et seq*. (2011). And if that does not work, he may seek a writ of habeas corpus. *See* 28 U.S.C. § 2241. We express no view on whether those proceedings would be successful." *Setser*, 566 U.S. at 244.

Lastly, as requested, the Clerk of Court is **DIRECTED** to mail the defendant a copy of his docket sheet.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

3

Case 2:18-cr-00017-RLJ-CRW   Document 1754   Filed 05/27/21   Page 3 of 3   PageID #: 11861